IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH CASALE<br><br>v.<br><br>LOCAL 158 CARPENTER'S UNION 1803 and UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA and CARPENTERS BENEFIT FUNDS OF PHILADELPHIA | CIVIL ACTION<br><br>NO. 20-4552 |

**MEMORANDUM RE MOTION FOR JUDGMENT ON THE PLEADINGS**

**Baylson, J.**     **February 26, 2021**

**I.**     **Introduction**

Plaintiff Joseph Casale originally brought this case, alleging breach of contract arising from the denial of payment of health benefits, in Pennsylvania state court. Defendant Carpenters Benefit Funds of Philadelphia ("the Fund") removed the case to this Court because Casale's claim is preempted by the Employee Retirement Income Security Act ("ERISA"). Presently before the Court is the Fund's Motion for Judgment on the Pleadings arguing that this suit is time barred. For the reasons that follow, the Motion will be granted.

**II.**     **Facts and Procedural History**

The Fund is an organization which provides health and welfare benefits to certain eligible active and retired Union carpenters. ECF 1, "Compl." ¶ 1. The terms of the benefits available are laid out in the Fund's Plan of Benefits ("the Plan"). Casale is a retired member of Local 158 Carpenter's Union and at all relevant times was an Eligible Active Participant in the Fund as defined by the Plan. Compl. ¶ 7.

1

According to the Plan, a participant in the Fund must bring a civil action based on the denial of benefits within three years of the initial denial. ECF 17-3, "Exhibit A" 5.23. Section 5.23 of the Plan states in full:

> (a) Except to the extent that a uniform and controlling federal statute of limitations applies to a claim for benefits under the Plan or other claims against the Plan or its fiduciaries which arise from or are related to a claim for benefits or otherwise seek payment of money from the Plan or its fiduciaries, no administrative proceedings, arbitration, lawsuit or other legal action on such a claim or other action or for any amount claimed to be payable from the Plan or its fiduciaries in connection with a claim or other action (including without limitation, monetary remedies or awards for failure to respond to a request for documents or retroactive payments) shall be instituted against the Plan or its fiduciaries <u>more than three years</u> after the date of a service, delivery of a product, or other event (including, without limitation, a date of death or disability or a request for plan documents) giving rise to a claim for payment or reimbursement from the Plan or its fiduciaries.
>
> (b) Notwithstanding subsection (a), no administrative proceedings, arbitration, lawsuit or other legal action amount shall be instituted after the last day on which the Participant or Plan can sue an insurer or other claims administrator handling or paying any benefit under the Plan and no amount shall be payable from the Plan or its fiduciaries on any such barred claim.
>
> (c) A Participant has a duty to seek internal plan review of a denied claim or other request for payment under Section 503 of ERISA and applicable regulations of a denied claim or other action seeking payment from the Plan or its fiduciaries, but the three-year limitation shall not be extended by reason of a request for review nor other administrative proceedings, except to the extent that the Plan has expressly extended the time for a request for review or a response to a request for review to obtain additional information in a writing to the claimant.

Exhibit A 5.23 (emphasis added).

On December 15, 2016, Casale was injured in a slip and fall accident. Compl. ¶ 8. He suffered injuries and incurred medical expenses, and submitted a claim to the Fund. Compl. ¶ 9–10. After conducting an investigation of Casale's claim, the Fund issued an initial denial on

February 27, 2017.  Compl. ¶ 11; ECF 17-3, "Exhibit B."  This notice also advised Casale of his appeal rights and the Plan's three-year limitations provision.  Exhibit B.  Casale appealed the denial of his claim, and eventually received a final denial on June 6, 2017.  ECF 17-3, "Exhibit C."  This notice also advised Casale of his appeal rights and the Plan's three-year limitations period.

Casale filed suit in the Court of Common Pleas for Philadelphia County on August 24, 2020 alleging one count of breach of contract.  See Compl.  On September 17, 2020, the Fund removed this matter to federal court.  See ECF 1.  On October 15, 2020, the Fund filed its Answer.  ECF 13, "Answer."  The Court held a phone conference with the parties on November 4, 2020 during which the parties agreed to a stay of discovery pending the resolution of the forthcoming Motion for Judgment on the Pleadings.  ECF 15.  Subsequently, on November 25, 2020, the Fund filed the present Motion for Judgment on the Pleadings.  ECF 17, "Def. Mot."  Attached to the Motion are three exhibits: (1) a copy of the Plan, Exhibit A, (2) a copy of the initial denial of Casale's claim, Exhibit B, and (3) a copy of the final denial of Casale's claim, Exhibit C.  Casale responded on December 16, 2020.  ECF 20, "Opp'n."  The Fund replied on December 21, 2020.  ECF 21, "Reply."

After a review of the parties' briefing, the Court issued a list of questions to the parties for discussion during a telephone conference on February 10, 2021.  ECF 22, 23.  The parties were then permitted to submit final statements summarizing their most important points and answers to the Court's questions.  ECF 25, "Pl. Supp. Br." and ECF 27, "Def. Supp. Br."

### III.  Parties' Arguments

During the telephone conference and in the supplemental briefing, the parties confirmed their agreement on several issues.  First, that Casale's claim of breach of contract is preempted by ERISA, and that the three-year limitations period in the Plan is the controlling limitations period.

Second, the parties agreed that the latest possible date on which the limitations period began to run was June 6, 2017, the date of the final denial of Casale's claim.[1] Casale filed this lawsuit on September 17, 2020, over three years after June 6, 2017.

As Casale's claim was not brought within three years, the parties' agreement on these issues leaves only one issue in dispute: whether Defendant adequately pleaded that this suit is time barred in its Answer. Casale argues that the contractual limitations period of three years cannot be raised by the Fund because it was not included in the Fund's Answer. The Fund argues that the affirmative defenses included in its Answer were sufficient to put Casale on notice of its argument that the Complaint is time barred.

### IV. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings." Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). Under such circumstances, the Court applies "the same standards as under Rule 12(b)(6)." Id. Therefore, this Court will "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." Id. The Court will grant the motion "only if no relief could be granted under any set of facts that could be proved." Id.

### V. Discussion

Casale's argument is that the Fund's defense is based on a "suit limitations provision" which is not the same as a statute of limitations. Casale argues that because Fed. R. Civ. P. 8(c)(1)

---

[1] In its initial briefing, the Fund argued that an earlier date triggered the limitations period, but agreed to use the date of June 6, 2017 for purposes of this Motion.

4

requires certain affirmative defenses to be raised in a responsive pleading, and the "suit limitations provision" was not specifically raised, that the Fund has waived this defense.

Defendant's second affirmative defense states "Plaintiff's claims are barred by the applicable statutes of limitation."  Defendant's fifth affirmative defense states "[t]he Complaint is barred by the doctrines of waiver, laches, estoppel, and unclean hands. Plaintiff intentionally and without just cause, permitted an unreasonable delay in pursuing its claims against Defendant." The Fund argues that these defenses gave Casale fair notice that it intended to argue his complaint was not timely filed.

Fed. R. Civ. P. 8(c)(1) requires a defendant to affirmatively state certain defenses including a statute of limitations defense.  "[T]he purpose of requiring averments of affirmative defenses" is to "[p]rovid[e] knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case." Tyco Fire Prods. LP v. Victaulic Co., 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011) (Robreno, J.).  Here, the Fund put Casale on notice that they intended to defend against his lawsuit by contending that it was time barred.  Viewed in context, the only possible time limitation argument here is based on the three-year suit limitations provision of the Plan, which is obviously shorter than the undisputed statute of limitations, which under state law is four years.  Further, in Plaintiff's supplemental briefing, he notes that "Plaintiff is not aware of any cases in which a contractual limitations period is treated differently than a statute of limitations for the purposes of calculation of time." Pl. Supp. Br. 1–2.

In Heimeshoff v. Hartford Life & Accident Ins. Co., the Supreme Court explained that "[t]he principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan." 571 U.S. 99, 108 (2013).  "[E]mployers have large leeway to design disability and other welfare plans as they see fit." Black & Decker

Disability Plan v. Nord, 538 U.S. 822, 833 (2003). "This focus on the written terms of the plan is the linchpin of 'a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place.'" Heimeshoff, 571 U.S. at 108 (quoting Varity Corp. v. Howe, 516 U.S. 489, 497 (1996)). The Court in Heimeshoff held that the three-year statute of limitations was not unreasonable. Id. at 109. In fact, it noted that the provision was "quite common" and that "the vast majority of States require certain insurance policies to include 3-year limitations periods that run from the date proof of loss is due." Id. at 112–13.

The Court finds that the Fund's second affirmative defense raising the statute of limitations was adequately pleaded and the Fund has not waived the argument that this suit is time barred. Further, the Supreme Court has specifically noted the importance of suit limitations provisions in this context and that a three-year limitations provision, such as the one in this case, is reasonable.

The Court notes that when "a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. Cty of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Seeking to amend a complaint which would be barred by the statute of limitations is futile. Garvin v. City of Philadelphia, 354 F.3d 215, 222 (3d Cir. 2003). As Casale brought this lawsuit after three years, any attempt at amending the Complaint in this case would be futile.

**VI.  Conclusion**

The Motion for Judgment on the Pleadings will be granted and Casale's Complaint will be dismissed. An appropriate Order follows.

O:\CIVIL 20\20-4552 Casale v Carpenters Union\20-4552 Memorandum re Mot for Judgment on the Pleadings.docx